Trczyniewski, Appellant, v. City of Milwaukee, Respondent.

*November 28—December 29, 1961.*

For the appellant there was a brief and oral argument by *Clyde E. Sheets* of Milwaukee.

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Ewald L. Moerke, Jr.,* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Odenbrett* and *Mr. Moerke.*

BROWN, J.   Plaintiff-appellant is a property owner in the city of Milwaukee.  In 1959, the city condemned certain property in the vicinity of appellant's real estate for off-street parking and public-alley purposes.  Subsequently the board of assessments, pursuant to the "Kline Law," ch. 275, Laws of 1931, and amendments thereto, submitted assessments of damages and special benefits for certain properties in the area of the proposed off-street parking. Assessment of appellant's benefits was in the amount of $3,850.  On July 12, 1960, the Milwaukee common council adopted a resolution confirming the assessment of the board of assessments.

On August 2, 1960, a notice of appeal was filed by appellant with the clerk of circuit court.  Sec. 10 (1) of the Kline Law regarding appeals is as follows:

"Sec. 10 (1) [Ch. 352, Laws of 1945.] APPEAL TO CIR-CUIT COURT.  Any person or persons owning or having any interest in any property affected by said assessment, either by way of assessment of damages or assessment of benefits, may within twenty days after the confirmation of such assessment by the common council, appeal therefrom to the circuit court of the county in which the assessment is made

by filing with the clerk of said circuit court a notice of appeal . . ."

Respondent moved to dismiss the appeal on the ground that the court lacked jurisdiction since the appeal was not timely taken. An affidavit was filed alleging evidentiary facts in support of the motion.

Appellant moved that the court take evidence on the issue of the construction of sec. 10 (1) of the Kline Law, *supra,* whereby he alleges that his time for appeal did not expire before the appeal was taken. An affidavit alleging evidentiary facts in support of appellant's motion averred that ever since the enactment of the Kline Law in 1931, every resolution of the common council has been submitted to the mayor for his signature or veto and in each case the mayor has acted upon the resolution so submitted. Therefore, appellant asserts by practical construction of said sec. 10 (1) all resolutions of the common council confirming such assessments require the signature or veto of the mayor and have not become effective until then. The record shows that the present appeal was taken within twenty days from the time when, on July 18, 1960, the mayor signed the council's resolution confirming the assessment on appellant's property.

The circuit court granted the city's motion and entered judgment dismissing plaintiff-appellant's appeal. By memorandum opinion the court held that the only issue before the court was the timeliness of the appeal; the appeal was not timely; consequently the court had no jurisdiction to entertain the appeal and it must be dismissed.

It is apparent that respondent's motion was one for summary judgment. Summary-judgment procedure is not to be a trial on affidavits. A party opposing summary judgment defeats the motion if he shows by affidavit or other proof that there are issues of fact or reasonable inferences which can be drawn from the evidence. The court does not try

the issues but decides on summary judgment whether there is an issue to be tried. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 280, 103 N. W. (2d) 9.

In its memorandum opinion the trial court noted that sec. 10 (1) of the Kline Law *does not* read that appeal may be taken " 'within twenty days after the ratification by the mayor of the confirmation of such assessment by the common council.' " The court concluded that the time when the mayor signed is immaterial to the status of the appeal and therefore the appellant's motion and affidavit relative to the date of the mayor's action or its effect on the appeal raised no material issue of fact.

The majority of this court see the matter differently. It is true that sec. 10 (1) of the Kline Law omits any reference to signature by the mayor to the council's resolution of confirmation of assessment. However, sec. 6.20 of the 1934 compilation of the Milwaukee city charter in part provides:

"Every act, ordinance, by-law, regulation, *resolution,* or appropriation, which shall have been duly passed by the common council, before it shall take effect, and within five days after its passage, shall be duly certified by the city clerk, and presented to the mayor for his approbation. If he approve, he shall sign it; if not, he shall return it within five days, with his objections stated in writing, to the city clerk; . . ." (Our emphasis.)

Accordingly, subject to later provisions of the section not material here, a resolution does not become effective until the mayor has signed. And, pending his signature, the resolution is without *any* effect, including the effect of starting time for appeal to run.

It may be conceded that the Kline Law does not declare that the absence of the mayor's signature suspends the effect of the council's resolution, as does sec. 6.20 of the city charter. If the Kline Law stated that the signature was

unnecessary to put the resolution into effect, contrary to the charter provision, doubtless the legislature had the power so to provide. But, it may well be doubted that the omission of such a provision in the Kline Law has the effect of superseding to·this extent the signatory procedure prescribed by the fundamental city charter quoted above. In such a dilemma the mandate of the Kline Law is subject to construction, and the practical construction of a law by those charged with the task of applying it is of great weight and often decisive. *State v. Johnson* (1925), 186 Wis. 59, 202 N. W. 319. In speaking of practical construction, we have said:

"No rule is more helpful than that, where there is good room for its operation. None, in such circumstances, is more conclusive of legislative intent. The effect of it is to give to the language of the law, otherwise obscure, a cast in harmony with long-established administration, as plainly observable as if incorporated therein in its letter. This court has spoken very decisively on that subject and nowhere more than in *Harrington v. Smith,* 28 Wis. 43, 68: 'Long and uninterrupted practice under a statute, especially by the officers whose duty it was to execute it, is good evidence of its construction, and such practical construction will be adhered to, even though, were it *res integra,* it might be difficult to maintain it.'

"The language of Dixon, C. J., speaking for the court in *Dean v. Borchsenius,* 30 Wis. 236, 246, seems to fit this case: 'The uninterrupted practice of a government prevailing through a long series of years, and the acquiescence of all its departments, legislative, executive, and judicial, sometimes become imperative even on constitutional questions. If ever there were such a case, this would seem to be one.' " *State ex rel. Owen v. Donald* (1915), 160 Wis. 21, 111, 151 N. W. 331.

Appellant's affidavit alleges that for thirty years resolutions of confirmation by the Milwaukee common council under the Kline Law have been presented to and acted upon

by the mayor. The majority of this court considers that summary judgment dismissing appellant's appeal should not have been granted without hearing his evidence on the practical construction of this feature of the Kline Law.

*By the Court.*—Judgment reversed. Cause remanded to receive evidence upon the practice of submitting to the mayor resolutions of confirmation of assessments under the Kline Law and the effect thereof, and for further proceedings not inconsistent with the opinion.