STATE EX REL. IRANY, Appellant, v. MILWAUKEE COUNTY CIVIL SERVICE COMMISSION, Respondent.

*October 29—November 27, 1962.*

For the appellant there was a brief and oral argument by *Dominic H. Frinzi* and *Nicholas C. Catania,* both of Milwaukee.

For the respondent there was a brief by *Robert P. Russell,* corporation counsel, and *James J. O'Donnell,* first assistant corporation counsel, and oral argument by *Mr. O'Donnell.*

GORDON, J.   The rule adopted by the commission is in direct conflict with the statute enacted by the legislature and, accordingly, the former must fail. The legislative pronouncement *requires* a hearing before the Civil Service Commission when charges are made against a person in the classified service whereby such person is suspended, demoted, or dismissed. A regulation or rule adopted by the commission which precludes such hearing as a matter of right is defective.

The respondent urges that we construe the statute in such manner that suspensions be regarded differently from dismissals. The respondent concedes that a hearing is required when a civil servant is dismissed. Our analysis of the statute convinces us that the requirement for a hearing applies equally to suspensions and dismissals. Unless waived by the employee, a hearing is assured him by the statute.

In sub. (2) of sec. 63.10, Stats., the legislature has provided that "the commission shall appoint a time and place for the hearing of said charges, . . ." It is our interpretation of the statute that the "charges" for which the commission shall hold a hearing are the "charges" referred to in sub. (1) relating to "suspension, demotion, or dismissal."

In *State ex rel. Esser v. McBride* (1934), 215 Wis. 574, 577, 254 N. W. 657, this court stated, with reference to what is now sec. 63.10, Stats.:

"When a proper complaint is made to the commission, time and place for a hearing are to be appointed, notice given, and after the hearing the commission is to determine whether or not the charge is well founded, . . ."

While the foregoing case related to discharge rather than suspension, the language quoted would, in our opinion, be equally applicable to a suspension case.

We recognize that a long and uninterrupted interpretation of the law by those who have the task of applying it is persuasive as to its meaning. *Trczyniewski v. Milwaukee* (1961), 15 Wis. (2d) 236, 240, 112 N. W. (2d) 725. However, in *State ex rel. Durando v. State Athletic Comm.* (1956), 272 Wis. 191, 195, 75 N. W. (2d) 451, this court noted that such interpretation should be given great weight "unless it is plainly erroneous or inconsistent."

We are convinced that the commission's rule which fails to grant a hearing to a suspended civil servant is at odds with the statute and therefore cannot stand. That the suspension is only for a short period of time is immaterial in the face of the language of sec. 63.10, Stats. Mr. Irany was entitled to a hearing; it is apparent that he did not waive it. The circuit court should enter an order which directs the commission to hold a hearing or, upon its failure to do so, to set aside the suspension.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order in conformity with this opinion.

WILKIE, J. (*dissenting in part*). I concur with the majority opinion that sec. 63.10, Stats., required a hearing as a matter of right on this suspension and that the rule of the Milwaukee County Civil Service Commission to the contrary is invalid. A suspension with its attendant loss of pay to the employee and black mark on his personnel record can be almost as serious (especially if repeated) to the employee as removal or discharge. There is just as much reason for affording an employee a hearing on charges leading to suspension as on charges leading to removal or discharge.

I cannot concur with that part of the opinion remanding the matter to the circuit court with directions that an order be entered directing the commission to hold a hearing. In my opinion the commission has failed to order a hearing to be held "within three weeks" after the filing of the charge. If there was a breach of the statute, as there was, in the commission's failure to order a hearing on the suspension charge, it was just as much a breach not to hold the hearing within the time prescribed by the statute. It would not be "fair play" to expect the employee, over a year and a half after the alleged offense to now present his case at a hearing that should have been held within twenty-one days of the charge. *State ex rel. Ball v. McPhee* (1959), 6 Wis. (2d) 190, 199, 94 N. W. (2d) 711. I would therefore reverse the judgment and remand the cause to the circuit court with instructions to enter an order directing the commission to set aside the suspension and reimburse the employee for any pay loss that he has suffered as a result of the illegal suspension.