THE HONORABLE, THE ASSEMBLY, State Capitol
You have requested my opinion as to whether any part of sec.84.30, Stats., involving regulation of outdoor advertising, is unconstitutional.
Section 84.30, Stats., was initially adopted to bring the state into harmony with the federal act so as to insure future eligibility for federal highway aids and grants. Accordingly, the law is of particular importance to the citizens of our state.
It is a well-established doctrine of the law that acts of the legislature are presumed to be constitutional. In re City ofBeloit (1968), 37 Wis.2d 637, 155 N.W.2d 633. Even in those situations where there is an actual judicial proceeding challenging the constitutionality of an act of the legislature, our court in State v. Stehlek (1953), 262 Wis. 642,56 N.W.2d 514, issued the following caveat:
 "It is a fundamental principal of statutory construction that a regularly enacted statute, or an order of an administrative body, made pursuant to statutory authority will be presumed to be constitutional until it has been declared to be otherwise by a competent tribunal. Such presumption is raised by the fact of the enactment of the statute by the legislature, and it extends to everything in the act on which it is based. The party attacking the statute has the burden of overcoming the presumption and showing that the statute is unconstitutional. The burden does *Page 286 
not shift, because of the difficulty in proving it." 16 C.J.S., Constitutional Law, pp. 250-260, sec. 99.
 In Just v. Marinette County (1972), 56 Wis.2d 7, 26, 201 N.W.2d 761, it was held:
 ". . . of course, a presumption of constitutionality exists until declared otherwise by a competent court, which we think the trial courts of Wisconsin are, because a regularly enacted statute is presumed to be constitutional and the party attacking the statute must meet the burden of proof of showing unconstitutionality beyond a reasonable doubt."
Even though the naked language of the statute may possibly be subject to challenge by a litigant, such danger may be avoided or at least minimized by the adoption of certain procedures by the agency charged with the responsibility of enforcement. Such is the case at hand. The State Highway Commission, having been advised of particular troublesome areas in the law, has placed certain procedural requirements or restrictions on its own enforcement which should and have actually resulted in the upholding of the statute by the circuit court of Dane County against attack on constitutional grounds.
This office, at the request of the Division of Highways, recently commenced an action to enforce the provisions of this law against an alleged violator. This action was instituted by this office on the basis of the legal presumption that the statute is constitutional.
Under the law of this state, sec. 84.30, Stats., is presumed to be constitutional.
RWW:CAB