STATE of Wisconsin EX REL. Jacob D. MILLER,
Petitioner-Appellant-Cross-Respondent,

v.

MILWAUKEE COUNTY PERSONNEL REVIEW BOARD,
Respondent-Respondent-Cross-Appellant,

MILWAUKEE COUNTY, Respondent-Respondent.

Court of Appeals

*No. 2015AP2118. Submitted on briefs October 4, 2016
—Decided October 31, 2016.*

2016 WI App 83

(Also reported in 887 N.W.2d 919.)

On behalf of the petitioner-appellant-cross-respondent, the cause was submitted on the briefs of *Graham P. Wiemer* and *Christopher J. MacGillis* of *MacGillis Wiemer, LLC*, Wauwatosa.

On behalf of the respondent-respondent-cross-appellant Milwaukee County Personnel Review Board, and respondent-respondent, Milwaukee County, the cause was submitted on the brief of *Jean-Marie Crahan* and *Elise E. Libbey* of *Crahan Law LLC*, Waukesha.

Before Kessler and Brennan, JJ., and Daniel L. LaRocque, Reserve Judge.

¶ 1. BRENNAN, J. Jacob D. Miller, a Milwaukee County Deputy Sheriff, appeals from a circuit court order affirming a Milwaukee County Personnel Review Board (PRB) disciplinary decision. The PRB imposed a 90–day suspension for rule violations, in lieu of discharge, followed by a career-long "re-evaluation period," leading to a termination for any rule violation. Miller raises a *Certiorari* challenge to the PRB's imposition of a re-evaluation period contending that *any* re-evaluation period violates his right to a hearing and determination of "just cause" under due process and WIS. STAT. §§ 59.52(8)(b) and 63.10(2) (2013–14).[1]

¶ 2. The PRB counters that the re-evaluation period is permitted in general and cross-appeals that this particular re-evaluation period, with its permanent length, is permitted under the statutes, due process, and Milwaukee County PRB Rule VI, Section 8. Because the PRB already gave Miller a full "just cause" hearing and correctly determined that there was "just cause" to discharge Miller, the PRB argues, he has had his due process and the PRB has complied with the statutory requirements for a hearing. Under its own rule, the PRB asserts, it may, in effect, stay the Sheriff's recommendation of discharge and give Miller another

[1] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

opportunity to remain employed, provided he commits no new rule violation.

¶ 3. For the reasons that follow, we conclude that the PRB rule is not in conflict with the statutes, *see* Wis. Stat. §§ 59.52(8)(b) and 63.10(2), and affirm that portion of the circuit court's decision approving of a re-evaluation period. However, we further conclude that the *terms* of the re-evaluation period imposed on Miller do not comport with the PRB rule and must be modified. The circuit court found that only the term relating to length was impermissible and reversed just as to the length of the period. Our analysis differs somewhat from the circuit court, and we conclude the overly broad terms—of any and all rule violations for the entire length of employment—are impermissible. Therefore, although we affirm the order remanding to the PRB, we do so directing the PRB to impose terms that are consistent with this opinion.

## BACKGROUND

¶ 4. In November 2011, Miller and two other sheriff's deputies responded to a report of a suspected drunk driver who was "swerving between lanes, speeding and slowing its speed, and cutting off other vehicles." They conducted a traffic stop and learned that the driver was a retired law enforcement officer. At the scene of the stop, Miller observed that the driver showed several signs that he was intoxicated. However, none of the deputies investigated this possibility. Another deputy described the driver to dispatch as "sick" but, contrary to the rules for dealing with sick drivers, told dispatch not to send an ambulance. Instead, the driver was driven home by one of the deputies.

¶ 5. Others who heard the radio communications from the deputies noticed that they did not follow established procedures and suspected misconduct.

Miller did not report the incident and was evasive when Criminal Investigations Division (CID) and Internal Affairs (IA) investigators interviewed him about the stop. He told them that he "want[ed] to protect" the deputy who took over. The Sheriff's Office charged him with violating rules and sought his discharge. Based on evidence gathered in the investigation, the PRB later determined following a hearing that Miller had "failed to take appropriate police action during a traffic stop . . . [and] failed to follow MCSO policies regarding sick or injured drivers," and afterwards he "failed to report his conversation with [a second deputy involved][] and failed to be forthright about the incident with the CID and IA investigators." The PRB found that the evidence was sufficient to sustain the charges that Miller "violated Rule VII, Section 4(1) of the Civil Service Rules for Milwaukee County government." The PRB specified the following subsections:

> (1) "Refusing or failing to comply with departmental work rules, policies or procedures," specifically Milwaukee County Sheriff's Office Rules 200.00 Code of Conduct, 202.14 Violation of Policy to wit: 507.17.1 Injured/Sick Citizens, 202.17 Conduct of Members, 202.20 Efficiency and Competence, 202.33 Duty to Report Violations and 202.50 Neglect of Duty; (t) "Failure [or] inability to perform the duties of assigned position"; and (u) "Substandard or careless job performance."

¶ 6. However, in light of Miller's limited role in the stop and his lack of a prior disciplinary history during almost fifteen years with the Sheriff's Office, the PRB reversed the penalty of discharge and reinstated him. It ordered that "in lieu of discharge, Mr. Miller will serve a 90 working-day unpaid suspension[.]" The PRB also imposed a re-evaluation period to

commence after the suspension that included the following terms, as relevant to this appeal:

4. Upon his return to work, Mr. Miller will serve [a] re-evaluation period until the end of his employment with Milwaukee County.

5. During the re-evaluation period, if Mr. Miller engages in any of the following or similar conduct or refuses or *fails to comply with any departmental or county work rule, policy or procedure pertaining to the following,* his actions or failure to act will constitute "just cause" for his discharge from County employment.

NOTE: Specific behaviors identified below *might or might not have been alleged in the complaint* against Mr. Miller, but are guidelines and examples presented for the benefit of the employee and County management:

a. *Refusing or failing to comply with departmental work rules, policies or procedures.* Mr. Miller shall abide by all departmental work rules, policies or procedures in a compliant manner. If Mr. Miller is uncertain of a departmental work rule, policy or procedure, he shall promptly notify his immediate supervisor that he needs clarification on the rule, policy or procedure or make any necessary effort to obtain clarification from supervisory personnel if his immediate supervisor is not available.

b. *Failure or inability to perform the duties of assigned position.* Mr. Miller shall perform the duties assigned to him in a matter [sic] that accords with the required duties of his job. If Mr. Miller has questions about how his job is to be performed, or if he is concerned about aspects of his job require-

ments, he is to notify his supervisor and request assistance and/or direction in the performance of his duties.

c. *Substandard or careless job performance.* Mr. Miller shall perform the duties assigned to him in a matter [sic] that accords with the required duties of his job. If Mr. Miller has questions about how his job is to be performed, or if he is concerned about aspects of his job requirements, he is to notify his supervisor and request assistance and/or direction in the performance of his duties.

The Board has imposed this re-evaluation period on the parties in order to provide Jacob D. Miller with *an opportunity to rectify his conduct as delineated by the Board,* so as to conform to the standards required by County management for such conduct. Mr. Miller shall be on notice that from the time of imposition of the re-evaluation period, failure to rectify his conduct in accord with the guidelines and examples presented by the Board for each civil service rule violation and to the satisfaction of county management may result in his being separated from county employment by the appointing authority at any time during the re-evaluation period after review of Mr. Miller's conduct by Human Resources. *Such separation during his re-evaluation period shall be without further review by the Board.*

. . .

It is the intent of the Board that Mr. Miller's re-evaluation period shall not affect his status as it relates to . . . those protections afforded him under WIS. STATS. 63.10 unrelated to the conduct for which the Board has imposed this employment re-evaluation period.

(Emphasis added.)

446

¶ 7. Miller filed a statutory appeal in the circuit court[2] challenging the PRB's finding that "just cause" sustained the charges against him. *See* Wis. Stat. § 59.52(8)(c). He also filed a petition for writ of *certiorari* on the grounds that the "PRB exceeded its jurisdiction, applied the law incorrectly, and acted in an arbitrary, oppressive or unreasonable manner." *See Gentilli v. B oard of Police and Fire Comm'rs of Madison*, 2004 WI 60, ¶ 19, 272 Wis. 2d 1, 680 N.W.2d 335.

¶ 8. The circuit court found that substantial evidence and "just cause" supported the PRB's decision to suspend Miller for ninety days.[3] As to *certiorari,* the circuit court rejected Miller's argument that the protections provided by Wis. Stat. §§ 59.52(8)(b) and 63.10(2) barred any re-evaluation period during which an employee could be terminated without recourse to the PRB. However, the circuit court concluded that a re-evaluation period lasting until the end of Miller's employment is inconsistent with his due process protections as defined by statute. The circuit court also found a permanent re-evaluation period inconsistent with language in PRB Rule VI, Section 8, because the rule states that the re-evaluation period provides the employee "an opportunity to rectify the conduct," and a permanent period does not give the employee such an

[2] The Honorable Pedro Colon presided over the circuit court matter and entered the September 8, 2015 decision on appeal.

[3] The issue of just cause is not before us on appeal as the decision of the circuit court is final. Under Wis. Stat. § 59.52(8)(c), "[t]he person dismissed . . . may appeal from the order of the civil service commission or the board to the circuit court . . . The question to be determined by the court shall be: Upon the evidence is there just cause . . . to sustain the charges against the employee? . . . If the order of the board or the commission is sustained, it shall be final and conclusive."

opportunity. The circuit court therefore affirmed in part, reversed in part, and remanded the case for the PRB "to tailor the re-evaluation period to ensure it does not deny Miller his due process rights."[4]

¶ 9. Miller appealed the re-evaluation period, arguing that the statutes give him the right to a hearing and finding of "just cause," and no re-evaluation period can eliminate those rights. The PRB cross-appealed from the circuit court's decision rejecting a re-evaluation period that covers the length of employment, arguing any length is permissible, consistent with WIS. STAT. § 63.10(2), because he has already received the hearing and just-cause finding to which he is entitled.

## DISCUSSION

¶ 10. In *certiorari* proceedings we review the decision of the agency, not the circuit court. *Hegwood v. Town of Eagle Zoning Bd. of Appeals*, 2013 WI App 118, ¶ 5, 351 Wis. 2d 196, 839 N.W.2d 111. Our review on *certiorari* of a decision by the PRB is limited to whether the PRB: "(1) acted within its jurisdiction; (2) proceeded on a correct theory of law; (3) was arbitrary, oppressive, or unreasonable; or (4) might have reasonably made the order or finding that it made based on the evidence." *Smits v. City of De Pere*, 104 Wis. 2d 26, 31, 310 N.W.2d 607 (1981); *see also Gentilli,*

---

[4] After the Circuit Court's ruling on September 8, 2015, the matter was remanded to the PRB where a second hearing took place on September 29, 2015, and the re-evaluation period was shortened to one year. Although Miller advises this court that he appealed that second PRB decision to the Waukesha Circuit court on October 5, 2015, he provides no further information on its status. The second PRB decision is not part of Judge Colon's Milwaukee County circuit court decision on appeal here.

272 Wis. 2d 1, ¶ 19. These are questions of law that we review *de novo. Umhoefer v. Police and Fire Comm'n of Mequon*, 2002 WI App 217, ¶ 12, 257 Wis. 2d 539, 652 N.W.2d 412. "Additionally, we must accord 'a presumption of correctness and validity' to the . . . decision." *Hegwood*, 351 Wis. 2d 196, ¶ 5 (citation omitted). In this case, the question presented is whether the decision was made in accord with the correct theory of law.

1. **PRB Rule VI, Sec. 8, which allows the imposition of a re-evaluation period, does not conflict with Wis. Stat. §§ 59.52(8)(b) and 63.10(2).**

¶ 11. Miller argues on appeal that two statutes prohibit the PRB from imposing any re-evaluation period. Although he invokes due process as an additional basis for his argument, he fails to develop a United States or Wisconsin constitutional due process argument. Rather, his challenge is limited to the legal question of whether the PRB Rule VI, Sec. 8 violates two statutes, Wis. Stat. §§ 59.52(8)(b) and 63.10(2).

¶ 12. The PRB rule[5] at issue, Rule VI, Sec. 8, permits the PRB to impose a re-evaluation period that is intended to give an employee "an opportunity to rectify the conduct delineated by the PRB" and is not intended to have an effect on protections "unrelated" to the underlying conduct. Rule VI, Sec. 8, Milwaukee County Personnel Review Board, Rules of Procedure (July 19, 2005). The rule states in relevant part:

---

[5] The rule is promulgated pursuant to an ordinance which authorizes the PRB to adopt rules and regulations. *See* Milwaukee County General Ordinance § 33.03(3) (2016). The Milwaukee County Personnel Review Board Rules of Procedure effective July 19, 2005, were in effect at the relevant time in this case.

In addition to those sanctions authorized by WIS. STATS. 63.10(2), the PRB *hereby provides for the institution of an employee reevaluation period,* to be approved by the PRB upon stipulation of the parties, or at the PRB's option, imposed upon the parties following the PRB's post-hearing findings that charges filed against the employee were well-founded and the facts and circumstances of the case dictate the remedy's use.

*The length* of the employee reevaluation period *and the employee conduct to be rectified* during that period will be decided, identified, set forth, and disclosed to the parties by order of the PRB upon approval or imposition of the employee reevaluation period. It is the intent of the PRB that a decision *detailing the conduct for which an employee may be separated without recourse to the PRB* be made in each case where the PRB approves or imposes a reevaluation period in accordance with this rule. The employee reevaluation period shall provide the employee *an opportunity to rectify the conduct delineated by the PRB* so as to conform to the standards required by county management for such conduct, and the employee shall be on notice from the time of approval or imposition of the employee reevaluation period that *failure to rectify said conduct* to the satisfaction of county management may result in the employee's being separated from county employment by the appointing authority at any time during the employee reevaluation period. *Such separation during the employee reevaluation period shall be without further review by the PRB. . . .*

It is the intent of the PRB that the employee reevaluation period shall not affect the employee's status as it relates to working conditions, employee benefits, or those protections afforded under WIS. STATS. 63.10, *which are unrelated to the conduct for which the PRB has approved or imposed the employment reevaluation period.*

(Emphasis added.)

450

¶ 13. County employees and law enforcement employees have due process protections defined by statute. As a county employee, Miller is entitled to a hearing prior to demotion or dismissal. When an employee is believed to "merit[] demotion or dismissal," a complaint is to be filed with the agency serving as the civil service commission, *see* WIS. STAT. § 63.10(1), which then "shall appoint a time and place for the hearing of said charges, the time to be within 3 weeks after the filing of the same." WIS. STAT. § 63.10(2). The language in the statute that is relevant to this analysis follows:

> At the termination of the hearing the commission shall determine whether or not the charge is well founded and *shall take such action by way of suspension, demotion, discharge or reinstatement,* as it may deem requisite and proper under the circumstances and *as its rules may provide.*

*Id.* (Emphasis added.)

¶ 14. As a Milwaukee County law enforcement employee, Miller is entitled under WIS. STAT. § 59.52(8)(b) to the added protection of the requirement of a "just cause" finding prior to suspension, demotion, or dismissal:

> A law enforcement employee of the county may not be suspended, demoted, dismissed or suspended and demoted by the civil service commission or by the board, based either on its own investigation or on charges filed by the sheriff, unless the commission or board *determines whether there is just cause, as described in this paragraph, to sustain the charges.*

*Id.* (Emphasis added.)

451

¶ 15. Miller argues that these are protections that "[t]he PRB does not have the authority to remove." Miller's position is that the statutory rights to a just cause determination and a hearing apply in *every* circumstance where he is at risk of being suspended, demoted or discharged, *regardless* of any previous findings and discipline for the same conduct. He says that the language in the statute permitting the PRB to act "as its rules may provide" does not save the re-evaluation period because to the extent that a rule eliminates PRB review in some circumstances, the rule is invalid because it conflicts with the statute. He cites to cases in which rules conflicting with statutory requirements have been held invalid. *See Irany v. Milw. Cnty. Civil Svc. Comm'n*, 18 Wis. 2d 132, 118 N.W.2d 137 (1962), *and Karow v. Milw. Cnty. Civil Svc. Comm'n*, 82 Wis. 2d 565, 263 N.W.2d 214 (1978).[6]

¶ 16. The PRB argues that Miller already received the only just-cause determination and hearing to which he is entitled. And at that hearing Miller was found to have violated the rules, a ruling not at issue on appeal. Additionally, the PRB argues that WIS. STAT. § 63.10(2) allows the PRB to take "such action . . . as its rules may provide," and the PRB rule specifically provides for re-evaluation periods.

---

[6] The cases of *Irany* and *Karow* are distinguishable from this case. In *Irany v. Milwaukee County Civil Service Commission*, 18 Wis. 2d 132, 135, 118 N.W.2d 137 (1962), the court was presented with a situation where, in clear violation of the requirements, the employee was denied *any* hearing. In *Karow v. Milwaukee County Civil Service Commission*, 82 Wis. 2d 565, 573, 263 N.W.2d 214 (1978), the employee did not receive a hearing within the statutorily mandated three-week period. Miller did receive a hearing, and it was within the three-week period required by statute.

¶ 17. We agree with the PRB that the re-evaluation period is permitted by statute and PRB rule. Following a hearing, the commission, in this case the PRB, *"shall take such action* by way of suspension, demotion, discharge or reinstatement, *as it may deem requisite and proper under the circumstances* and *as its rules may provide."* Wis. Stat. § 63.10(2) (emphasis added). The suspension and re-evaluation period imposed in this case are encompassed within the plain language of the statute—namely, suspension and the re-evaluation period provided for in its rules.

¶ 18. The legislative decision to permit the PRB to impose discipline *as its rules provide* is dispositive of this question because we conclude that the rule in this case is not in conflict with those statutory rights. There is no conflict with the statutes because the rule removes the rights of "just cause" determination and hearings *only* with regard to conduct for which the employee *has already received* those rights. We note the significance to our analysis of the distinction the re-evaluation period rule makes between "the conduct underlying the imposition of the re-evaluation period" and protections that are "unrelated to [that] conduct." Where there has been a PRB just cause determination and hearing for the conduct at issue—in this case, failure to follow policy regarding sick motorists and failing to be forthright with investigators—the PRB can impose a re-evaluation period with consequences for another instance of that conduct without running afoul of the requirements of the statutes.

¶ 19. Additionally, good policy supports this statutory authority to create workable rules and supports the wording of the PRB rule. And we note that the rule is protective of employees, as well as burden-

453

some, as Miller complains.[7] For example, here Miller's employer, the sheriff, recommended that he be discharged. He might have been, given the finding of "just cause," but the availability of a re-evaluation period gave the PRB an option, and Miller an opportunity, to redeem himself and save his job. And in the event he violates properly imposed terms of his re-evaluation period, he is no worse off than he would have been if discharged immediately. To the extent Miller is complaining that he will have no review of any new violations, that is not true. As his disciplinary decision clearly states, in the event the Sheriff's Office believes he has violated a proper term, he is entitled to a hearing with human resources: "after review of Mr. Miller's conduct by Human Resources."

¶ 20. We conclude that for *this* conduct Miller has received all the notice, hearing, and just cause determination to which he is entitled, and the rule allowing the re-evaluation period does not deprive him of his statutory rights.

**2. The terms of the re-evaluation period imposed on Miller do not comport with PRB Rule VI, Sec. 8 because they are not limited in the ways that rule requires.**

■

¶ 21. Not only does Miller argue that any re-evaluation period violates the statutes, as we have

---

[7] We note that this version of the rule has been in place since 2005, and although we found cases involving re-evaluation periods going back to 1990, the re-evaluation periods themselves were not the reason for the appeal to Wisconsin Employment Relations Commission (WERC). Thus, given the lack of precedent on this issue, the rule appears to be working to the satisfaction of both sides.

discussed and rejected above, additionally he objects to the terms of his re-evaluation period. Specifically, Miller argues that the re-evaluation period imposed improperly extends to the entire length of his employment with the county and describes too broadly and vaguely the conduct for which he can be terminated without PRB review. The PRB argues in its cross-appeal of the circuit court's rejection of the length of the re-evaluation period that it had authority to impose a permanent re-evaluation period under its rule. Because it could fashion a penalty less than discharge, it argues, it could impose a limitless re-evaluation period.

¶ 22. We agree that the PRB's rule contains no express limits on length; however, it sets clear limitations on the *terms* of the re-evaluation period, namely that they must be tailored to allow the employee to rectify his or her conduct. Each case will require a different analysis by the PRB as to which terms accomplish that end, and length may be a factor in some. But here we conclude that the terms were overly broad, in contravention of the PRB's own rule.

¶ 23. One of the stated purposes of the rule is that it gives an employee an "opportunity to rectify" his conduct. The order states the same thing: "The Board has imposed this re-evaluation period on the parties *in order to provide* Jacob D. Miller with *an opportunity to rectify his conduct as delineated by the Board*[.]" We agree with the circuit court that an "opportunity to rectify" something implies an opportunity to return a situation to what it should be because "rectify" means "to make or set right." *See Rectify,* WEBSTER'S THIRD NEW INT'L DICTIONARY (1966).

¶ 24. While the rule leaves the length of the period of re-evaluation up to the PRB, it does require

the PRB to "*detail*[] the conduct for which an employee may be separated without recourse to the PRB." (Emphasis added.) Here, while it is certainly true the PRB "detailed" some conduct that he must not engage in during the re-evaluation period, namely the three violations that it found Miller had engaged in, it added a vague and overly broad catch-all: "any departmental or county work rule, policy or procedure pertaining to those violations." In failing to detail *all* of the rules that would subject Miller to termination from employment, the PRB went further than its rule permitted. That lack of detail and overbreadth, especially when added to the fact that the re-evaluation period continued throughout his employment, was insufficiently related to the purpose of the rule—rectifying unacceptable behavior—and violated the precise requirements of the rule for detail and linkage to curative behavior.

¶ 25. We therefore affirm that part of the PRB's order imposing a re-evaluation period. We also affirm the circuit court on remanding to the PRB, but for a different reason, namely for the imposition of *terms* of the re-evaluation period that conform to the rule's requirements for specificity and relationship to the employee's violations. We reject the PRB's argument that on remand it has the opportunity for an entirely new disciplinary decision as we note that the only part of the PRB order that was appealed and cross-appealed here was the re-evaluation order.

*By the Court.*—Order modified and, as modified, affirmed; cause remanded with directions.