Stephen Hegwood, Plaintiff-Respondent,

v.

Town of Eagle Zoning Board of Appeals,
Defendant-Appellant.†

Court of Appeals

No. 2012AP2058. *Submitted on briefs April 24, 2013.*
*—Decided September 25, 2013.*

2013 WI App 118

(Also reported in 839 N.W.2d 111.)

† Petition for Review Filed.

196

On behalf of the defendant-appellant, the cause was submitted on the briefs of *H. Stanley Riffle* and *Paul E. Alexy* of *Arenz, Molter, Macy, Riffle & Larson, S.C.*, Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Kathryn Sawyer Gutenkunst* and *James W. Hammes* of *Cramer, Multhauf & Hammes, LLP*, Waukesha.

Before Brown, C.J., Reilly and Gundrum, JJ.

¶ 1. GUNDRUM, J.   The Town of Eagle Zoning Board of Appeals appeals from a judgment of the circuit

court reversing upon certiorari review the Board's decision to deny Stephen Hegwood two zoning variances. The Board contends the court erred when it reviewed Hegwood's appeal as a certiorari action, arguing that Hegwood needed to bring his action as one for declaratory judgment. The Board further asserts that the court erred in concluding the Board proceeded on an incorrect theory of law in applying the town's ordinance to Hegwood's property.[1] We conclude that the circuit court properly considered Hegwood's appeal as a certiorari action. We further conclude that under the statutory scheme for regulation of shorelands, the Board had no authority to enforce the town's ordinance upon Hegwood's shoreland property and it therefore proceeded under an incorrect theory of law when it considered and denied Hegwood's variance request. We affirm.

## BACKGROUND

¶ 2.   Stephen Hegwood owns shoreline property in the town of Eagle upon which he built an outdoor fireplace and a pergola. The fireplace and pergola were located, respectively, fourteen and eight feet from the lot line. Sometime after both structures were built, Hegwood sought variances from the county from its twenty-foot setback requirement provided in the

---

[1] The Board also argues that the circuit court erred when it further concluded the Board acted outside its jurisdiction. Because our holding that the Board proceeded on an incorrect theory of law resolves the appeal, we do not address the jurisdictional issue. *See State v. Davis*, 2011 WI App 147, ¶ 15, 337 Wis. 2d 688, 808 N.W.2d 130 (we "need not address other issues when one is dispositive"). The Board further contends that the circuit court improperly granted Hegwood's motion to supplement the record. Because the supplemented materials are ultimately irrelevant to our decision, we also do not decide this issue. *See id.*

Waukesha County Shoreland and Floodland Ordinance, enacted in 1970. The county eventually approved the pergola "subject to removal of the roof" and concluded that the fireplace "may remain in its current location." Hegwood then applied to the town for variances from its ordinance relating to its twenty-foot setback requirement. The Town Zoning Board of Appeals denied his application after a hearing.

¶ 3. Hegwood filed a certiorari action in the circuit court seeking reversal of the Board's decision. The court reversed and the Board appeals. Additional facts are set forth as necessary.

## DISCUSSION

■

¶ 4. The Board contends the circuit court erred when it reviewed Hegwood's appeal as a certiorari action because Hegwood was actually seeking a finding that the town's zoning code was preempted by the county's shoreland ordinance and such an action needed to be brought as one for declaratory judgment. The Board further argues that the court erred in concluding that the Board proceeded on an incorrect theory of law when it applied the town's ordinance to Hegwood's fireplace and pergola. The Board asserts that it acted appropriately because the town has concurrent zoning authority with the county over shorelands. The Board contends that it had the authority to reject Hegwood's request for a variance because the town passed the zoning ordinance pursuant to village powers.[2] We disagree with the Board on each point.

[2] The Wisconsin Towns Association filed an amicus brief in this case also asserting that towns have concurrent zoning authority with counties over shorelands. The Association, how-

*Hegwood's Challenge was Appropriately Brought as a Certiorari Action*

■■

¶ 5.   Concerning the first issue, the Board and Hegwood both assert that Wis. Stat. § 62.23(7)(e)10. (2011–12)[3] governs an appeal of a decision by a board of appeals. That statute provides that "[a]ny person . . . aggrieved by any decision of the board of appeals . . . may . . . commence an action seeking the remedy available by certiorari." As a general rule, in certiorari proceedings we review the decision of the agency, not the circuit court. *Murr v. St. Croix Cnty. Bd. of Adjustment*, 2011 WI App 29, ¶ 19, 332 Wis. 2d 172, 796 N.W.2d 837. Our review is limited to whether the government agency (1) kept within its jurisdiction; (2) proceeded on a correct theory of law; (3) acted in an arbitrary, oppressive or unreasonable manner that represented its will and not its judgment; and (4) "might reasonably make the order or determination in question based on the evidence." *Id.*, ¶ 7. Additionally, we "must accord a presumption of correctness and validity" to the board of appeals' decision. *State ex rel. Ziervogel v. Washington Cnty. Bd. of Adjustment*, 2004 WI 23, ¶ 13, 269 Wis. 2d 549, 676 N.W.2d 401.

■■

¶ 6.   Because Hegwood was a person aggrieved by an action of the Board—here the decision of the Board to apply the town ordinance to Hegwood's shoreland property and deny his variance requests in doing so— Wis. Stat. § 62.23(7)(e)10. specifically authorized him to

---

ever, argues that such concurrent authority exists regardless of whether a town has adopted village powers.

[3] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

seek relief by means of a certiorari action. *See Master Disposal, Inc. v. Village of Menomonee Falls*, 60 Wis. 2d 653, 658–59, 211 N.W.2d 477 (1973); *cf. Kmiec v. Town of Spider Lake*, 60 Wis. 2d 640, 646–47, 211 N.W.2d 471 (1973). Further, on certiorari review, a circuit court is authorized to consider whether a board has proceeded under a correct theory of law. *Murr*, 332 Wis. 2d 172, ¶ 7; *Osterhues v. Board of Adjustment for Washburn Cnty.*, 2005 WI 92, ¶ 12, 282 Wis. 2d 228, 698 N.W.2d 701. This is precisely the issue the court was called upon to determine regarding Hegwood's challenge to the Board's authority to apply the town code to his property. Hegwood's challenge was appropriately brought as a certiorari action.

*The Board Proceeded on an Incorrect Theory of Law*

■

¶ 7.   The Board next contends the circuit court erred in holding that it proceeded on an incorrect theory of law when it applied the town code to Hegwood's fireplace and pergola. Hegwood asserts that WIS. STAT. § 59.692 vests counties with the exclusive authority to zone shorelands in all unincorporated areas, and thus the Board lacked the authority to enforce its zoning ordinance on Hegwood's shoreland property. The Board counters that there is no specific statutory language prohibiting towns from adopting and enforcing zoning ordinances affecting shorelands and that it is permitted to do so pursuant to its village powers.

■

¶ 8.   Addressing this issue requires us to interpret our statutes to determine their meaning, a matter of law we review de novo. *State v. Jensen*, 2010 WI 38, ¶ 8,

324 Wis. 2d 586, 782 N.W.2d 415. If the meaning of the statutes is apparent from the plain language, we apply that language. *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. A statute's language is given its "common, ordinary, and accepted meaning." *Id.* In determining the plain meaning, it is appropriate to consider statutory context and structure, not looking at language in isolation, but as part of a whole, including the language and structure of surrounding or closely related statutes. *Bostco LLC v. Milwaukee Metro. Sewerage Dist.*, 2013 WI 78, ¶ 46, 350 Wis. 2d 554, 835 N.W.2d 160; *State v. Warbelton*, 2008 WI App 42, ¶ 13, 308 Wis. 2d 459, 747 N.W.2d 717.

¶ 9.    As we have previously observed, "[o]ur legislature has given shoreland zoning authority to counties." *Herman v. County of Walworth*, 2005 WI App 185, ¶ 18, 286 Wis. 2d 449, 703 N.W.2d 720. We must decide, however, if the legislature also intended for towns to have zoning authority over the same shorelands. Based on our review, we conclude that, except for a limited circumstance which does not exist in this case, it did not.

¶ 10.    Our review begins with Wis. Stat. § 281.31, the "Navigable waters protection law." Subsection (1) provides:

> To aid in the fulfillment of the state's role as trustee of its navigable waters and to promote public health, safety, convenience and general welfare, it is declared to be in the public interest to make studies, establish policies, make plans and *authorize municipal shoreland zoning regulations* for the efficient use, conservation, development and protection of this state's water resources. The regulations shall relate to lands under, abutting or lying close to navigable waters. *The pur-*

*poses of the regulations shall be to* further the maintenance of safe and healthful conditions; prevent and control water pollution; protect spawning grounds, fish and aquatic life; *control building sites, placement of structure and land uses* and reserve shore cover and natural beauty.

(Emphasis added.) Importantly, subsec. (2)(c) defines "municipality" and "municipal" as "a county, village or city." Thus, the most pertinent portion of subsec. (1) can be read as "declar[ing it] to be in the public interest to . . . authorize [county, village and city] shoreland zoning regulations." Towns are not included, though we would expect them to be if the legislature intended to generally permit towns, with or without village powers, to regulate shorelands. By way of contrast, we observe that WIS. STAT. ch. 30, "Navigable Waters, Harbors and Navigation," defines "municipality" within that chapter to mean "any *town,* village, city or county in this state." WIS. STAT. § 30.01(4) (emphasis added).

¶ 11.    Shedding additional light on the reference in WIS. STAT. § 281.31(1) to "authoriz[ing] municipal shoreland regulations," § 281.31(2)(e) provides:

"Regulation" means ordinances enacted under [WIS. STAT. §§] 59.692, 61.351 [village zoning of wetlands in shorelands], 62.23(7) [city zoning], 62.231 [city zoning of wetlands in shorelands] and refers to subdivision and zoning regulations which include control of uses of lands under, abutting or lying close to navigable waters for the purposes specified in sub. (1), pursuant to any of the zoning and subdivision control powers delegated by law to *cities, villages* and *counties.*

(Emphasis added.) And, importantly, § 281.31(8) provides that "[t]his section [§ 281.31] and [§§] 59.692, 61.351 [village zoning of wetlands in shoreland] and 62.231 [city zoning of wetlands in shorelands] shall be

construed together to accomplish the purposes and objective of this section." Had the legislature intended to generally permit towns to regulate shorelands, we would expect to see a reference to such authority in § 281.31; but no such reference is made.

¶ 12.  We next consider Wis. Stat. § 59.692, "Zoning of shorelands on navigable waters," which was enacted within the same act as Wis. Stat. § 281.31 and, as just noted, is to be construed with that provision. *See* 1965 Wis. Laws ch. 614; § 281.31(8). Subsection 59.692(1m) provides:  "To effect the purposes of [§] 281.31 and to promote the public health, safety and general welfare, each *county* shall zone by ordinance all shorelands in its unincorporated area." (Emphasis added.) Subsection (2)(a) provides that ordinances and amendments related to shorelands and enacted under § 59.692 "shall not require approval or be subject to disapproval by any town or town board." This subsection stands in stark contrast to the general zoning authority of counties that existed at the time § 59.692 was enacted (and exists today) and is set forth in Wis. Stat. § 59.69(5)(c):  "A county ordinance enacted under this section shall *not* be effective in any town until it has been approved by the town board."[4] (Emphasis added.) Thus, when the legislature enacted § 59.692(2)(a), it specifically prohibited towns from having authority to approve or disapprove of county shoreland ordinances operating within the town.

---

[4] Wisconsin Stat. § 59.97(2)(d), the predecessor statute to Wis. Stat. § 59.69(5)(c) at the time 1965 Wis. Laws ch. 614 was enacted, stated, in pertinent part:  "A county ordinance adopted as provided by this section shall not be effective in any town until it has been approved by the town board." Sec. 59.97(2)(d) (1963–64).

¶ 13. Significantly, WIS. STAT. § 59.692(2)(b) provides: "If an *existing* town ordinance relating to shorelands is more restrictive than an ordinance *later enacted* under this section affecting the same shorelands, it continues as a town ordinance in all respects to the extent of the greater restrictions, but not otherwise." (Emphasis added.) Contrary to the Board's reliance on an attorney general opinion addressing an issue similar to the one we address here, there is nothing in subsec. (2)(b), or the statutory scheme of WIS. STAT. § 281.31 or § 59.692, which suggests the legislature's use of the phrase "an existing town ordinance" was intended to refer only to town ordinances in towns without village powers. The legislature easily could have made such a distinction, but did not. Thus, with the language in subsec. (2)(b), the legislature specifically established the circumstance in which town regulations affecting shorelands would have effect after enactment of a county shoreland zoning ordinance pursuant to § 59.692—they would have effect if they were in existence before enactment of the county ordinance and were more restrictive than the county provisions affecting the same shorelands.[5] The Board does not dispute that the town ordinance at issue in this case was adopted *after*, not before, the county's shoreland zoning ordinance; there-

---

[5] The Towns Association would like us to interpret WIS. STAT. § 59.692(2)(b) as "simply clarifying that whenever both a town zoning ordinance and county shoreland zoning ordinance are in place, the more restrictive provisions of either one will control" and that "as long as the town ordinance is in conformity with [i.e., *equal to*] or more restrictive than the county ordinance" this subsection "giv[es] towns concurrent zoning jurisdiction over shoreland areas." We reject such a reading of this provision in that it reads the words "existing" and "later enacted" out of subsec. (2)(b) and adds language—"in conformity with"—which the legislature did not choose to add.

fore, the town ordinance does not fall within the class of regulations which are effective by operation of subsec. (2)(b).

¶ 14. Continuing our review of WIS. STAT. § 59.692, we observe that subsec. (2m) restricts only counties, villages and cities from enacting provisions in shoreland zoning ordinances which regulate nonconforming structures or the construction of structures or buildings on substandard lots if such provisions are more restrictive than shoreland zoning standards for nonconforming structures and substandard lots promulgated by the DNR under § 59.692. Further, § 59.692(4)(a) states:

> If the municipalities *as defined in [WIS. STAT. §] 281.31* [i.e., counties, villages or cities] are served by a regional planning commission under [WIS. STAT. §] 66.0309, the commission may, with its consent, be empowered by the ordinance of [intergovernmental] agreement to administer each ordinance enacted hereunder throughout its enacting municipality, whether or not the area otherwise served by the commission includes all of that municipality.

(Emphasis added.) Again, the legislature did not include a reference to towns in either of these subsections.

¶ 15. As stated, the Board argues that the town's adoption of general village powers permits the town to regulate shoreland zoning concurrently with the county.[6] It points to WIS. STAT. § 60.22(3) as authorizing it to "exercise powers relating to villages and conferred on village boards under WIS. STAT. ch. 61, except those powers which conflict with statutes relating to towns

---

[6] Hegwood concedes that the town ordinance at issue in this case was enacted pursuant to the town's village powers.

and town boards."[7] However, permitting general town regulation of shorelands under village powers does conflict with the statutory scheme of WIS. STAT. §§ 281.31 and 59.692. These statutes, by their plain language, appear to deliberately exclude towns from having shoreland zoning authority, except in the circumstance identified in § 59.692(2)(b). As indicated by § 281.31, which was enacted within the same act as § 59.692 and is to be construed with that provision, towns are not included in the legislative declaration that it is in the public interest to "authorize municipal shoreland zoning regulations." *See* 1965 Wis. Laws, ch. 614; § 281.31(1), (2)(c), & (8); *see also J.L.W. v. Waukesha Cnty.*, 143 Wis. 2d 126, 130, 420 N.W.2d 398 (Ct. App. 1988) ("The cardinal rule is that the purpose of the whole act will be sought and favored over a construction that would defeat the manifest object of the act.").[8]

¶ 16.  The plain language of the statutory scheme evinces that by enactment of WIS. STAT. §§ 281.31 and 59.692, the legislature intended that towns would not have authority to regulate shorelands except where such regulation fell within the language of § 59.692(2)(b), which is not the case here. That statutory scheme does not distinguish between towns with

---

[7] WISCONSIN STAT. § 60.62 allows towns exercising village powers to adopt zoning ordinances.

[8] The Towns Association briefly argues that WIS. STAT. § 60.61(2)(d) authorizes concurrent jurisdiction, because to not so authorize would "essentially render this provision of the general town zoning statute meaningless." We disagree. Under § 60.61(2)(d), towns may exercise zoning with regard to areas in or along natural watercourses, channels, streams or creeks. We read nothing in this decision as affecting the authority of towns to zone such areas related to non-navigable waters. *See* WIS. STAT. §§ 281.31(2)(f), 59.692(1)(b).

village powers and those without. Thus, the Board's claim of authority with regard to Hegwood's fireplace and pergola fails.[9]

---

[9] Because we are convinced by the plain language of the statutory scheme, a thorough analysis of the related legislative history is unnecessary. We note, however, that our review of that history supports our interpretation of the statutory scheme. *See, for example,* Legislative Council Conservation Comm. Minutes (Comm. Minutes), Dec. 30, 1964, at 3–4 (future chair of subcommittee on Water Quality, which was created to draft language for what are now WIS. STAT. §§ 281.31 and 59.692, advocated giving the towns' water use zoning power to counties because county control would be more effective and uniform); Legislative Council Conservation Comm. Subcomm. on Water Quality Minutes (Subcomm. Minutes), Mar. 29, 1965, at 2 (considering early draft of proposed legislation, subcommittee chairman "noted that the bill does not take away authority from any unit of government *except the town*") (emphasis added); Legislative Council Memo, Apr. 5, 1965, at 2 (at drafting meeting with staff, subcommittee chairman "noted that the original intent [of the legislation] had been to provide for control at the county level"); Subcomm. Minutes, Apr. 12, 1965, at 2 (subcommittee directed staff "to consult with the League of Wisconsin Municipalities as to the wording of [certain] section so that *counties* would be able to cooperate with *cities* and *villages* in the protection of waters and shorelands") (emphasis added); Legislative Council Memo, Apr. 19, 1965, at 2–3 (stating "major purpose of the proposed act" is "effective *county-wide control* and state-wide county incentive to supplement *city* and *village* efforts," and further stating that one of the conclusions of the legislative committee study was that "*[c]ounties, cities* and *villages* should be authorized to cooperate in joint administration of shoreland regulation, with grants in aid to counties enacting, administering and enforcing shoreland ordinances according to state recommended standards") (emphasis added); Comm. Minutes, Apr. 19, 1965, at 5 (Wisconsin Towns Association opposition abated by inclusion of subsec. (2)(b) into proposal in order to preserve specified existing town regulations). All of the minutes of Legislative Council committees and subcommittees, as well as the memoranda referred to in this opinion, are included in the Legislative Council committee files for Legislative Session 1965–66.

209

## CONCLUSION

¶ 17.  For the foregoing reasons, we conclude that the Board has no authority to consider, much less deny, Hegwood's application for variances. *See Osterhues*, 282 Wis. 2d 228, ¶ 12. Had the Board proceeded on a correct theory of law, it would have recognized that Hegwood's property was subject only to the county's shoreland zoning ordinance and dismissed his application for the variances as unnecessary. It failed to do so, and thus the circuit court properly reversed the decision of the Board.

*By the Court.*—Judgment affirmed.