STATE of Wisconsin, Plaintiff-Appellant,

v.

Michael W. BRYZEK, Defendant-Respondent.

Court of Appeals

*No. 2015AP1501–CR. Submitted on briefs February 25, 2016.*
*—Decided May 18, 2016.*

2016 WI App 48

(Also reported in 882 N.W.2d 483.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jeffrey J. Kassel*, assistant attorney general, and *Brad D. Schimel*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Chris J. Trebatoski*, Milwaukee.

Before Reilly, P.J., Gundrum and Hagedorn, JJ.

¶ 1. GUNDRUM, J. The State appeals from a circuit court order vacating the judgment of conviction of Michael W. Bryzek and ordering a new trial. The State asserts the postconviction court erred when it

granted Bryzek a new trial based on its determination that a modified jury instruction the trial court[1] utilized invited the jury at his criminal trial to find Bryzek guilty based upon "new law." The State contends that even though the modified instruction was based upon a statute that went into effect after Bryzek had committed key acts underlying the offense, this new statute was merely a codification of the common law. Bryzek argues the instruction failed to fully and fairly inform the jury of the law applicable to his alleged criminal acts,[2] and thus the postconviction court did not err in granting him a new trial. We agree with Bryzek and affirm.

### *Background*

¶ 2.   In 1996, E.B., Bryzek's mother, executed a general durable power of attorney (POA) naming Bryzek as her agent. Through the POA, E.B. granted Bryzek the authority to, among other things, "[m]ake gifts of any kind, including gifts to my agent," i.e., Bryzek.

¶ 3.   In 2012, the State charged Bryzek with theft by a bailee in violation of WIS. STAT. § 943.20(1)(b) and (3)(c) (2009–10),[3] alleging that between May 2007 and November 2010, Bryzek, acting as agent for his mother

---

[1] The same circuit court judge presided over the trial and the postconviction proceedings.

[2] Bryzek also contends the modified instruction constituted an ex post facto violation. Because we reverse on the ground the modified jury instruction failed to fully and fairly inform the jury of the applicable law, we need not address this issue. *See Hegwood v. Town of Eagle Zoning Bd. of Appeals*, 2013 WI App 118, ¶ 1 n.1, 351 Wis. 2d 196, 839 N.W.2d 111 (we need not address other issues when one is dispositive).

[3] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

pursuant to the POA, utilized in excess of $38,000 of her funds for his personal purposes. Because the amount Bryzek allegedly stole exceeded $10,000, the charge was a Class G felony.[4] A jury trial was held on the matter in December 2013.

¶ 4. For a finding of guilt, the State was required to prove four elements. The standard jury instruction provides as follows for the second element:

> The defendant intentionally used the money without the owner's consent and contrary to the defendant's authority.
>
> The term "intentionally" means that the defendant must have had the mental purpose to use the money without the owner's consent and contrary to the defendant's authority.

WIS JI—CRIMINAL 1444 (2006). Before the start of trial, the State, over Bryzek's objection, requested that the trial court add the following language to the instruction for the second element:

> The "authority" of a Power of Attorney means that despite any provisions to the contrary in the power of attorney, an agent who has accepted appointment shall act in accordance with the principal's reasonable

---

[4] WISCONSIN STAT. § 943.20(3) provides as follows:

(3) PENALTIES. Whoever violates [§ 943.20(1)]:

(a) If the value of the property does not exceed $2,500, is guilty of a Class A misdemeanor.

(bf) If the value of the property exceeds $2,500 but does not exceed $5,000, is guilty of a Class I felony.

(bm) If the value of the property exceeds $5,000 but does not exceed $10,000, is guilty of a Class H felony.

(c) If the value of the property exceeds $10,000, is guilty of a Class G felony.

expectations to the extent actually known by the agent and, if those expectations are not known, in the principal's best interest; act in good faith; and act only within the scope of authority granted in the power of attorney.

The State's request identified, and it is undisputed on appeal, that this additional language was derived from WIS. STAT. § 244.14(1).[5] No mention was made to the trial court, however, that this statutory provision first became effective September 1, 2010, after many of Bryzek's alleged criminal acts had been committed. The trial court granted the State's request and included the above § 244.14(1) language when it instructed the jury on the second element.[6]

¶ 5. The jury found Bryzek guilty of theft in excess of $10,000, and he was later sentenced. Bryzek filed a postconviction motion seeking a new trial, which the postconviction court granted after determining the modified jury instruction inappropriately was based upon and utilized "new law." The State appeals.

---

[5] WISCONSIN STAT. § 244.14(1) reads, in relevant part, as follows:

(1) Notwithstanding any provisions to the contrary in the power of attorney, an agent who has accepted appointment shall do all of the following:

(a) Act in accordance with the principal's reasonable expectations to the extent actually known by the agent and, if those expectations are not known, in the principal's best interest.

(b) Act in good faith.

(c) Act only within the scope of authority granted in the power of attorney.

[6] Bryzek then requested the trial court add to the instruction given: "good faith means honesty in fact," which request the court granted.

241

### *Discussion*

█

¶ 6. We will not overturn a circuit court's decision to grant a new trial unless the court erroneously exercised its discretion. *State v. Eison*, 194 Wis. 2d 160, 171, 533 N.W.2d 738 (1995).

█

¶ 7. In support of the postconviction court's ruling granting him a new trial, Bryzek contends the trial court's incorporation into the jury instruction of the standards contained in Wis. Stat. § 244.14(1) resulted in the jury being improperly instructed as to the legal rules under which to consider Bryzek's guilt. We agree.

█

¶ 8. Jury instructions must fully *and* fairly inform the jury of the legal rules applicable to the case. *State v. Neumann*, 2013 WI 58, ¶ 89, 348 Wis. 2d 455, 832 N.W.2d 560. Whether a given instruction did so is a question of law we review de novo. *Id.*

¶ 9. By modifying the jury instruction as it did, the trial court invited jurors to determine Bryzek's guilt based upon a standard more detrimental to him than the standard in effect at the time he committed key acts underlying his conviction.[7] Because the modified instruction did not fairly state the law applicable to Bryzek's acts and led the jury to apply the wrong law when it determined whether the State had proven its

---

[7] While the allegations and evidence at trial indicate Bryzek also used his mother's funds for his own purposes after the September 1, 2010 effective date of Wis. Stat. § 244.14, Bryzek asserts in his response brief that the amount of money he could be found guilty of allegedly improperly converting to

case beyond a reasonable doubt, the postconviction court did not err in ordering a new trial.

¶ 10. The State acknowledges that the statutory provision governing E.B.'s POA at the time E.B. executed it in 1996 was WIS. STAT. § 243.07 (1995–96) and that provision "did not contain a provision comparable to the current WIS. STAT. § 244.14," which repealed § 243.07. 2009 Wis. Act 319, §§ 14, 16. The State asserts, however, the modified jury instruction merely incorporated legal standards in effect under the common law prior to the enactment of § 244.14(1) and during the entire time Bryzek committed the acts at issue.

¶ 11. Citing to *Russ v. Russ*, 2007 WI 83, 302 Wis. 2d 264, 734 N.W.2d 874, the State correctly observes that the pre-WIS. STAT. § 244.14 common law required a determination as to the "intent of the parties" regarding the making of gifts. *See Russ*, 302 Wis. 2d 264, ¶ 36 (citing *Praefke v. American Enter. Life Ins. Co.*, 2002 WI App 235, ¶ 20, 257 Wis. 2d 637, 655 N.W.2d 456). This "intent of the parties" standard appears consistent with the language of the second element of the standard jury instruction, WIS JI— CRIMINAL 1444. Had the standard instruction been utilized without modification at Bryzek's trial, it would have instructed the jury that the State must prove beyond a reasonable doubt that Bryzek intentionally used E.B.'s money "without [her] consent and contrary to [his] authority." *See Russ*, 302 Wis. 2d 264, ¶ 36. With the jury considering E.B.'s express grant of authority to Bryzek as set forth in the POA—

his own purposes after that effective date would only constitute a misdemeanor. The State does not dispute this assertion in its reply brief.

authorizing him to, among other things, "[m]ake gifts of any kind, including gifts to" himself—the State would have had a more difficult time securing a guilty verdict with the standard instruction than with the modified instruction the court utilized at the State's request.

¶ 12.   The *Russ* court's "intent of the parties" standard was not, however, accurately reflected in the modified jury instruction given by the trial court in this case. By adding the Wis. Stat. § 244.14 language to the second element of the standard instruction, the court instructed the jury that the "authority" of a POA means that "despite[8] any provision to the contrary in the Power of Attorney, an agent who has accepted appointment shall act in accordance with the principal's reasonable expectations to the extent actually known by the agent and, if those expectations are not known, in the principal's best interest." In doing so, the court led the jury away from considering E.B.'s express POA language—authorizing Bryzek to "[m]ake gifts of any kind, including gifts to" himself—as E.B.'s intent as to Bryzek's authority. Instead, the court led the jury to consider the gifting language, and Bryzek's actions pursuant to the POA, under the modified standard:   "*despite* any provisions to the contrary in the power of attorney"—such as this gifting provision—Bryzek was required to "act in accordance with [E.B.'s] reasonable expectations" to the extent he actually knew them, and, "if those expectations [were] not known," was required to act "in [E.B.'s] best interest." (Emphasis added.) This was contrary to the supreme court's holding in *Russ* that the standard to be applied

---

[8] Instead of the word "notwithstanding," from Wis. Stat. § 244.14(1), the modified jury instruction used the word "despite" to the same effect.

was the "intent of the parties," not the principal's "reasonable expectations" or "best interest."

¶ 13. The modified jury instruction invited the jury to not only determine what E.B.'s expectations were, as evidenced by her express authorization to Bryzek to "[m]ake gifts of any kind, including gifts to" himself, but to also second-guess the sensibility of E.B.'s broad grant of authority to Bryzek and question whether such a grant was "reasonable." The law prior to the enactment of the new statute asked what the principal's intent was; not whether the "intent," or "expectations," were reasonable. Further, the State has cited no law indicating that prior to the new statute the standard an agent was to follow was what was "in the principal's best interest," as opposed to what the principal's intent was as expressed by the language of the power of attorney. A fact finder could readily conclude in certain instances, such as the one before us, that actions taken by an agent were consistent with the principal's expressed intent but nonetheless were not in accord with the principal's *reasonable* expectations or best interest. We agree with Bryzek's assertion that the language of Wis. Stat. § 244.14(1) directing that "[n]otwithstanding any provisions to the contrary in the power of attorney, an agent . . . shall . . .: (a) Act in accordance with the principal's reasonable expectations to the extent actually known by the agent and, if those expectations are not known, in the principal's best interest" did not simply codify common law, but rather created new "restrictive provisions." As a result, the jury instruction, as modified based upon that new statute, did not fairly inform the jury as to the proper legal standard under which it was to determine Bryzek's guilt.

245

¶ 14. The State points out that "[a]n agent under a power of attorney has a fiduciary relationship with the principal," and chides Bryzek for making arguments the State contends indicate "[t]he gifting provision . . . trumped any fiduciary duty he had to his principal." However, the pre-Wis. Stat. § 244.14(1) rule, which took into account this fiduciary relationship, was that a POA agent may self-gift, but only if the principal clearly granted such authority to the agent—as E.B. granted to Bryzek here. *See Russ*, 302 Wis. 2d 264, ¶ 28 ("[A] POA agent has a fiduciary duty to the principal, and . . . the agent is usually prohibited from self-dealing *unless the power to self-deal is written in the POA document.*" (emphasis added)); *Praefke*, 257 Wis. 2d 637, ¶¶ 10, 12 (stating "*unless* the power of attorney specifically allows the agent to gift property to himself or herself, or contains an 'unlimited or unbridled' gifting power, the agent lacks authority to make gratuitous transfers" and "a fiduciary will not be allowed to feather his or her own nest *unless the power of attorney specifically allows such conduct.* In short, where the fiduciary argues that the power of attorney allowed for self-dealing, that power must be specifically authorized in the instrument." (emphasis added; citation omitted)).

¶ 15. Thus, the law prior to the enactment of Wis. Stat. § 244.14(1) permitted an agent to grant himself/herself gifts so long as the power of attorney specifically permitted such conduct. *See Praefke*, 257 Wis. 2d 637, ¶¶ 10, 12, 16. The law did not qualify that permission by inviting fact finders to consider the "reasonable" expectations or best interest of the principal "despite" the explicit gifting authority provided by the principal. The plain language of E.B.'s POA specifically granted Bryzek the authority to "[m]ake

gifts of any kind, including gifts" to himself. That clearly indicated E.B.'s intent—that Bryzek properly could make gifts, including to himself, "of any kind." The power E.B. afforded Bryzek in her POA is indeed broad; but there is no question raised as to her competence to make such a grant of authority when she made it. Accordingly, under the law prior to the new statute, E.B.'s intent as set forth in the POA controlled.

¶ 16.  For the foregoing reasons, we conclude the modified jury instruction utilized by the trial court did not fully and fairly inform the jury of the applicable law and detrimentally affected Bryzek's likelihood of prevailing at trial. As a result, the postconviction court did not erroneously exercise its discretion in granting Bryzek's motion for a new trial.

*By the Court.*—Order affirmed.